UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | CR 14-00913 LEK |
|---|---|
| Plaintiff, | CV 19-00325 LEK-KJM |
| vs. | |
| MARK FAAITA, | |
| Defendant. | |

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY AND DENYING A CERTIFICATE OF APPEALABILITY**

Before the Court is Defendant/Petitioner Mark Faaita's ("Faaita") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), filed on June 24, 2019. [Dkt. no. 208.] On June 25, 2019, an Order to Show Cause was issued, directing Plaintiff/Respondent the United States of America ("the Government") to file an answer, pursuant to Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("§ 2255 Rules"). [Dkt. no. 209.] The Government filed its "Response" to the § 2255 Motion ("Answer") on September 16, 2019, and Faaita filed his reply in support of the § 2255 Motion ("Reply") on November 27, 2019. [Dkt. nos. 214, 221.] Faaita's § 2255 Motion is hereby denied, and a certificate of appealability is also denied, for the reasons set forth below.

**BACKGROUND**

**I.   2011 Case**

On December 29, 2010, Faaita was charged in a Criminal Complaint with knowingly and intentionally attempting to possess, with intent to distribute, more than fifty grams of methamphetamine, its salts, isomers, and salts or its isomers ("methamphetamine"), in violation of 21 U.S.C. §§ 841(a)(1) and 846. [United States v. Malivao, CR 11-00005 LEK ("CR 11-005"), dkt. no. 1.] An Indictment was filed on January 6, 2011, with the same charge, but specifying that the date of the alleged offense was on or about December 28, 2010, and that the amount was approximately 1,006 grams. [Id., dkt. no. 9.] At his arraignment on January 12, 2011, Faaita pled not guilty to the charge in the Indictment, and trial was scheduled for March 15, 2011. [Id., Minutes, filed 1/12/11 (dkt. no. 13).]

The trial was subsequently continued to: June 21, 2011 by stipulation; August 2, 2011 on Faaita's motion; September 27, 2011 on Faaita's motion; November 1, 2011 on Faaita's motion; February 28, 2012 on Faaita's motion; and May 8, 2012 on Faaita's motion. [Id., dkt. nos. 20, 52, 66, 72, 85, 127.] Faaita's next motion to continue was denied on April 27, 2012. [Id., dkt. nos. 143, 155.] On May 3, 2012, Faaita's counsel were allowed to withdraw, and, on May 7, 2012, the trial date was continued to September 5, 2012. [Id., dkt. nos. 166, 168.]

2

A defense motion to continue the trial was denied on August 20, 2012. [Id., dkt. no. 202.] The Court moved the trial date to September 6, 2012. [Id., dkt. no. 207.] On September 4, 2012, the September 6 trial date was vacated for reasons unrelated to the case, see id., dkt. no. 217, and a new trial date of December 4, 2012 was set, [id., dkt. no. 220]. A defense motion to continue the trial was denied on September 20, 2012. [Id., dkt. no. 227.] A subsequent motion to substitute defense counsel and continue the trial date was also denied on October 17, 2012. [Id., dkt. no. 232.]

On November 30, 2012, the Government filed an Amended Witness List, adding Frank Ancheta and six other persons. [Id., dkt. no. 246.] Later that day, Faaita filed a motion in limine to exclude Mr. Ancheta's testimony and related evidence as untimely. [Id., dkt. no. 249.] On December 3, 2012, Faaita filed a sealed motion raising issues that the Court would be required to address if it permitted the Government to call Mr. Ancheta at trial. [Id., dkt. no. 261.]

At a December 3, 2012 hearing, the Government made an oral motion to dismiss the Indictment without prejudice. The Court granted the oral motion, but stated the dismissal would be with prejudice. [Id., dkt. no. 262.] An Order for Dismissal of Indictment was filed later that day. [Id., dkt. no. 264.]

**II. 2014 Case**

On October 23, 2014, Faaita was indicted in United States v. Faaita, CR 14-00913 LEK ("CR 14-913"), for conspiracy to knowingly and intentionally distribute and possess with intent to distribute fifty grams or more of methamphetamine and five hundred grams or more of cocaine, its salts, optical and geometric isomers, and salts of isomers ("cocaine"), in violation of § 841(a)(1), (b)(1)(A), (b)(1)(B), and 21 U.S.C. § 846. [Indictment (dkt. no. 1).] The conspiracy was alleged to have begun "[f]rom a date unknown, but from at least some time in 2006, and continuing to on or about December 28, 2010." [Id. at 1.] Faaita pled not guilty on January 21, 2015. [Minutes, filed 1/21/15 (dkt. no. 16).]

On July 23, 2015, Faaita filed a motion to dismiss the Indictment on the ground that the dismissal of the possession charge in CR 11-005 precluded the prosecution of the conspiracy charge in CR 14-913 ("CR 14-913 Motion to Dismiss"). [Dkt. no. 47.] The CR 14-913 Motion to Dismiss was denied during a hearing on August 19, 2015. [Minutes, filed 8/19/15 (dkt. no. 64), at 1.]

A jury trial was held on November 17, 18, 19, 20, and 24, 2015. [Dkt. nos. 100, 105, 106, 109, 115.] The jury returned a guilty verdict, and the jury found that fifty grams or more of methamphetamine and five hundred grams or more of

cocaine were involved. [Verdict, filed 11/24/15 (dkt. no. 116).] Faaita was ultimately sentenced to 136 months of imprisonment and 5 years of supervised release. [Judgment in a Criminal Case ("Judgment"), filed 3/24/16 (dkt. no. 156), at 2-3.]

Faaita filed a Notice of Appeal on May 19, 2016. [Dkt. no. 171.] The Ninth Circuit affirmed the Judgment in a memorandum disposition filed on February 15, 2018, and the Mandate was issued on April 3, 2018. [Dkt. nos. 201, 203.[1]] The Ninth Circuit stated:

> The district court did not abuse its discretion in denying Faaita's motion to dismiss the 2014 indictment, even though it dismissed the prior 2011 indictment with prejudice. In dismissing the 2011 indictment, the district court did not make any finding that the government acted in bad faith, and such a finding would not have been supported by evidence in the record. While the district court may dismiss an indictment with prejudice when it **expressly** determines that the government is operating in bad faith, see United States v. Hayden, 860 F.2d 1483, 1487–88 (9th Cir. 1988), the district court made no such express determination here, and we decline to infer that the district court implicitly found bad faith, given the lack of support for such a determination in the record. Accordingly, the district court did not abuse its discretion in rejecting Faaita's argument that the government's 2014 indictment was a continuation of bad faith conduct. Moreover, the dismissal of the 2011 indictment with prejudice would not preclude the government from seeking a

---

[1] The memorandum disposition is also available at 711 F. App'x 437.

5

> new indictment, see United States v. Castiglione, 876 F.2d 73, 76 (9th Cir. 1988), and the 2014 indictment charges different crimes and transactions than were included in the 2011 indictment.

Memorandum disposition, 711 F. App'x at 438 (emphasis in original).

Faaita timely filed the instant § 2255 Motion, which alleges: this Court violated his right to due process when it failed to dismiss the CR 14-913 Indictment based on prosecutorial misconduct ("Ground One"); and Faaita's counsel rendered constitutionally ineffective assistance by failing to raise the Government's bad faith as a basis for the CR 14-913 Motion to Dismiss ("Ground Two").

## **STANDARD**

Section 2255(a) states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

This district court has described the standards applicable to § 2255 motions as follows:

> A court may dismiss a § 2255 motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings

> that the moving party is not entitled to relief."
> R. 4(b), Rules Governing Section 2255
> Proceedings. A court need not hold an
> evidentiary hearing if the allegations are
> "palpably incredible [or] patently frivolous,"
> Blackledge v. Allison, 431 U.S. 63, 76 (1977)
> (internal quotation marks and citation omitted),
> or if the issues can be conclusively decided on
> the basis of the evidence in the record. See
> United States v. Mejia-Mesa, 153 F.3d 925, 929
> (9th Cir. 1998) (noting that a "district court
> has discretion to deny an evidentiary hearing on
> a § 2255 claim where the files and records
> conclusively show that the movant is not entitled
> to relief"). Conclusory statements in a § 2255
> motion are insufficient to require a hearing.
> United States v. Johnson, 988 F.2d 941, 945 (9th
> Cir. 1993). A petitioner must "allege specific
> facts which, if true, would entitle him to
> relief." United States v. Rodrigues, 347 F.3d
> 818, 824 (9th Cir. 2003) (internal quotation
> marks and citation omitted).

Malivao v. United States, CR 13-00885 LEK, 2018 WL 6834704, at *2 (D. Hawai`i Dec. 28, 2018) (alteration in Malivao) (some citations omitted).

The issues raised in Faaita's § 2255 Motion are legal issues that "can be conclusively decided on the basis of the evidence in the record," including the record of the underlying proceedings. See Mejia-Mesa, 153 F.3d at 929. Because there are no factual disputes that must be resolved in order to rule on the legal issues presented in the § 2255 Motion, an evidentiary hearing is unnecessary in this case.

7

**DISCUSSION**

I. **Exhibits to the Reply**

Faaita did not file any exhibits with the § 2255 Motion. However, in addition to the six exhibits attached to his Reply, Faaita filed nine other exhibits under seal on December 3, 2019. [Dkt. no. 223.] The exhibits to the Reply are documents that were filed or produced in CR 11-005 or in the underlying proceedings in CR 14-913. Thus, the documents were available to Faaita when he filed the § 2255 Motion and could have been filed with the § 2255 Motion. The practice of filing exhibits with a reply instead of with the motion itself is generally discouraged. Cf. Local Rule LR7.2 ("Any argument raised for the first time in the reply shall be disregarded."); § 2255 Rule 5(c) ("If the answer refers to briefs or transcripts of the prior proceedings that are **not available in the court's records**, the judge must order the government to furnish them . . . ." (emphasis added)). However, the practice is not expressly prohibited in § 2255 proceedings. See § 2255 Rule 5(d) (regarding a reply in support of a § 2255 motion). Although the Court does not condone the practice of submitting exhibits for the first time with a § 2255 reply, Faaita's exhibits will be considered, and the Court finds that it is not necessary to permit the Government to file a response addressing the exhibits.

## II. <u>Ground One – Failure to Dismiss the CR 14-913 Indictment</u>

In Ground One, Faaita alleges the Government acted in bad faith when it failed to provide accurate information about Mr. Ancheta, who was a cooperating witness, during CR 11-005 and when this Court was considering the CR 14-913 Motion to Dismiss. Faaita acknowledges that he raised this ground in his direct appeal. [§ 2255 Motion at 5.]

The Ninth Circuit has already held that this Court did not abuse its discretion when it denied the CR 14-913 Motion to Dismiss. <u>See</u> Memorandum disposition, 711 F. App'x at 438. Faaita's persistent raising of this claim despite this clear ruling does not change the outcome. The Ninth Circuit's ruling "is the law of the case," and this Court must and does follow it in considering Faaita's § 2255 Motion. <u>See</u> <u>United States v. Jingles</u>, 702 F.3d 494, 498 (9th Cir. 2012) (citing <u>In re Rainbow Magazine, Inc.</u>, 77 F.3d 278, 281 (9th Cir. 1996) ("[T]he decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case"); <u>Odom v. United States</u>, 455 F.2d 159, 160 (9th Cir. 1972) ("The law in this circuit is clear that when a matter has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion") (alteration in <u>Jingles</u>) (some citations omitted)). This Court therefore denies Faaita's § 2255 Motion as to Ground One.

## III. Ground Two – Ineffective Assistance of Counsel

When Faaita filed the CR 14-913 Motion to Dismiss, he was represented by Stuart Fujioka, Esq. Faaita asserts Mr. Fujioka had documents, provided during discovery, that would have established the Government's bad faith related to the dismissal of CR 11-005, but Mr. Fujioka failed to provide the documents to the Court and failed to assert bad faith as one of the grounds supporting the CR 14-913 Motion to Dismiss. Faaita contends that, because of these decisions, Mr. Fujioka rendered ineffective assistance, resulting in a violation of Faaita's Sixth Amendment right to be represented by counsel. [§ 2255 Motion at 6.]

This district court has stated:

> To prevail on an ineffective assistance of counsel claim, a petitioner must establish two distinct elements. First, he must show that counsel's representation fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 688 (1984). Second, he must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In other words, a petitioner must show both that counsel's performance was deficient and that the deficiency was prejudicial. Id. at 692.
>
> Counsel "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable;

> and strategic choices made after less than
> complete investigation are reasonable precisely
> to the extent that reasonable professional
> judgments support the limitations on
> investigation. In other words, counsel has a
> duty to make reasonable investigations or to make
> a reasonable decision that makes particular
> investigations unnecessary." Id. at 690-691.
>
> Conclusory allegations of ineffective
> assistance of counsel made with no factual or
> legal explanation fall well short of stating a
> cognizable claim for ineffective assistance of
> counsel. See Blackledge v. Allison, 431 U.S. 63,
> 74 (1977) ("[P]resentation of conclusory
> allegations unsupported by specifics is subject
> to summary dismissal.").

Foster v. United States, CR. NO. 13-00219 DKW, 2019 WL 2428561, at *4 (D. Hawai`i June 10, 2019) (alterations in Foster). As to the reasonableness of representation prong, a court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Faaita bears the burden of proof as to both prongs of the Strickland analysis. See Turk v. White, 116 F.3d 1264, 1265 (9th Cir. 1997).

### A. Delay

Faaita argues the Government's oral motion to dismiss the indictment in CR 11-005 without prejudice was a poorly disguised attempt to continue the trial indefinitely. Faaita argues the request was made in bad faith because the Government vigorously opposed Faaita's recent motions to continue the trial

date.  Further, Faaita argues that, after this Court ruled against the Government and dismissed CR 11-0005 with prejudice, the Government re-indicted him based on the same facts instead calling it a conspiracy charge.  Faaita contends this was done in bad faith because "the government was able to do exactly what the court indicated it could not do: indefinitely continue Mr. Faaita's trial under the guise of a dismissal motion." [Reply at 3.]

Faaita's first theory in Ground Two is essentially that: the trial in CR 14-913 was a delayed trial of the facts at issue in CR 11-005; and Mr. Fujioka was constitutionally ineffective because the CR 14-913 Motion to Dismiss did not assert a bad faith argument based on the delay.  This portion of Ground Two fails because it is based on facts that this Court was aware of when it denied the CR 14-913 Motion to Dismiss without making a finding of bad faith, and that the Ninth Circuit was aware of when it affirmed the Judgment.  Moreover, because the Ninth Circuit has held that the charge in CR 14-913 was for "different crimes and transactions" than the charge in CR 11-005, the trial in CR 14-913 was not merely a delayed trial of CR 11-005.  See Memorandum disposition, 711 F. App'x at 438.

Even if Mr. Fujioka included a bad faith argument based on delay in the CR 14-913 Motion to Dismiss, the ruling on the motion would have been the same.  Thus, Faaita cannot

establish that he was prejudiced by the decision not to include that argument in the CR 14-913 Motion to Dismiss. Because Faaita cannot establish prejudice, it is not necessary to determine whether the decision not to raise that argument constituted deficient performance. See Strickland, 466 U.S. at 697. Ground Two is therefore denied as to the portion of Faaita's ineffective assistance of counsel claim based on the alleged failure to present a bad faith argument arising from delay.

### B. Withholding of Documents

Ground Two also alleges the Government acted in bad faith by withholding information and documents in CR 11-005. The documents include Drug Enforcement Administration ("DEA") reports regarding two proffer sessions that DEA agents held with Mr. Ancheta. See Exh. "G" (dkt. no. 223); Exh. "I" (dkt. no. 223-2). Further, on November 30, 2012, the Government notified Faaita's counsel that Mr. Ancheta identified Faaita from Faaita's driver's license, but Faaita emphasizes that the Government failed to disclose the fact that the identification was made on April 18, 2012, during one of the proffer sessions. See Exh. "N" (dkt. no. 223-7). Faaita also argues both Assistant United States Attorney ("AUSA") Thomas Muehleck and Task Force Officer Thayne Costa failed to inform this Court

about the two proffer session during the ex parte portion of the December 3, 2012 hearing regarding the dismissal of CR 11-005.

In support of its Answer, the Government presents a declaration by Mr. Fujioka, stating:

> During the course of representation, although I was troubled by the AUSA's tactic of dismissing a case with prejudice and then recasting the offense as part of a conspiracy, **I was not aware of any evidence which would likely convince the court to dismiss 14-00913 based upon bad faith** on the part of the Government in the earlier case.

[Answer, Exh. 2 (untitled declaration by Mr. Fujioka, dated 7/24/19) at ¶ 10 (emphasis added).]

Although the late disclosure of Mr. Ancheta as a potential witness in CR 11-005 was troubling, this Court ultimately accepted the Government's representation that it was seeking to dismiss CR 11-005 because proceeding with that case could jeopardize the investigation and prosecution of other persons for what the Government determined to be more serious offenses, and of Faaita for other offenses besides the offense charged in CR 11-005.  This Court did not find that the Government sought to dismiss CR 11-005 in order to avoid the consequences for its untimely disclosures related to Mr. Ancheta.  Faaita himself acknowledges that, after the dismissal of CR 11-005, the Government investigated the larger conspiracy, and ultimately indicted Roger Larson, who pled guilty.  See Reply at 10.

14

Mr. Ancheta and Mr. Larson testified for the Government during the trial in CR 14-913. [Minutes (Jury Trial [1st Day]), filed 11/18/15 (dkt. no. 105), at 1.] The Government provided the DEA reports about Mr. Ancheta's proffer sessions, as well as other information about Mr. Ancheta, Mr. Larson, and other cooperating witnesses, to Faaita on August 4, 2015. See Reply at 11 (citing Exh. "P" (dkt. no. 223-9)). Thus, Faaita and his counsel had ample time before the trial in CR 14-913 to review the DEA reports regarding Mr. Ancheta's proffer sessions, including the report about the session during which Mr. Ancheta identified Faaita. Faaita did not suffer any prejudice as a result of the Government's failure to disclose the DEA reports about Mr. Ancheta's proffer sessions, and other related documents, during CR 11-005.

Even if Mr. Fujioka included a bad faith argument based on the withholding of information and documents in the CR 14-913 Motion to Dismiss, the ruling on the motion would have been the same. Thus, Faaita cannot establish that he was prejudiced by the decision not to include that argument in the CR 14-913 Motion to Dismiss. Because Faaita cannot establish prejudice, it is not necessary to determine whether the decision not to raise that argument constituted deficient performance. Ground Two is therefore denied as to Faaita's ineffective assistance of counsel claim based on the alleged failure to

present a bad faith argument arising from the untimely disclosure of information and documents.

    **C.**    **Summary**

The same analysis applies to any other allegations of the Government's bad faith that the § 2255 Motion contends should have been raised by Mr. Fujioka in the CR 14-913 Motion to Dismiss. Faaita has failed to establish any action or omission by Mr. Fujioka that constitutes the ineffective assistance of counsel. The § 2255 Motion is therefore denied as to Ground Two. Because each of the grounds raised fails as a matter of law, Faaita's § 2255 Motion is denied.

**IV.**    **Certificate of Appealability**

> This district court has stated that:
>
> > In dismissing a § 2255 motion, the court must also address whether [defendant/petitioner] should be granted a certificate of appealability ("COA"). See R. 11(a), Rules Governing Section 2255 Proceedings (providing that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).
>
> > "The standard for a certificate of appealability is lenient." Hayward v. Marshall, 603 F.3d 546, 553 (9th Cir. 2010) (en banc), *overruled on other grounds by* Swarthout v. Cooke, 562 U.S. 216 (2011). The petitioner is required to demonstrate only "that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further." Id. (citation

> and internal quotation marks omitted). The
> standard "requires something more than the
> absence of frivolity, but something less than a
> merits determination." Id. (internal quotation
> marks omitted).
>
> The court carefully reviewed [the
> defendant/petitioner's] assertions and gave him
> every benefit by liberally construing them.
> Based on the above analysis the court finds that
> reasonable jurists could not find the court's
> rulings debatable.

Malivao, 2018 WL 6834704, at *7 (some alterations in Malivao) (some citations omitted). Reasonable jurists would not find that the rulings in this Order regarding Faaita's § 2255 Motion are debatable. A certificate of appealability therefore will not be issued.

## CONCLUSION

On the basis of the foregoing, Faaita's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed June 24, 2019, is HEREBY DENIED. In addition, this Court DENIES a certificate of appealability.

IT IS SO ORDERED.

17

DATED AT HONOLULU, HAWAI`I, February 3, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**USA VS. MARK FAAITA; CR 14-00913 LEK; CV 19-00325 LEK-KJM; ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY AND DENYING A CERTIFICATE OF APPEALABILITY**